UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAHVED MALIK LILLACALENIA, | ) |
| Plaintiff, | ) Civil Action No. 3:24-CV-123-CHB |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| VUE AT 3RD STREET, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Dhaved Malik Lillacalenia filed the instant *pro se* action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff filed the complaint on a civil complaint form. [R. 1]. He sues Defendant Vue at 3rd Street. *Id.* at 1–2. In the "Basis for Jurisdiction" section of the form, Plaintiff writes, "violations of civil rights protected by 1875/1866 Civil Rights Act . . . 14th Amendment violation—Discrimination." *Id.* at 4. In the "Statement of the Claim" section of the complaint form, Plaintiff alleges that he is a part of a "Section 8 program where he asked management the price of units and was told he would have to pay an application and admin fee, total 150 [to] know the cost of renting an apartment." *Id.* at 5. Plaintiff indicates that he seeks the application fee returned to him, along with $100,000 for the constitutional violations, theft, tax fraud, and insurance fraud. *Id.* at 6; *see also* [R. 4, p. 2].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (per curiam) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A. 42 U.S.C. § 1983

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant is not engaged in state action merely because it accepts rent assistance for individuals who qualify for Section 8 housing aid. "The Supreme Court has held that private parties are not engaged in state action even if they receive substantial governmental assistance." *Baldridge v. Indep. Apartments*, Nos. 16-2293/4-JDT-DKV, 2016 WL 11479289, at *4–5 (W.D. Tenn. July 6, 2016)

(citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982) (holding that there was no state action even though private educational institution received almost all of its funding from the state)). Defendant in this case is a private actor. *Id.* Therefore, Plaintiff's §1983 Fourteenth Amendment claim must be dismissed for failure to state a claim upon which relief may be granted.

### B. Civil Rights Act of 1866

Plaintiff also alleges that Defendant violated The Civil Rights Act of 1866 and 42 U.S.C. §§ 1981 and 1982 by making him and people like him pay an application fee, as well as provide a security deposit. Plaintiff asserts claims for discrimination based on his status as homeless and unemployed. *See* [R. 4, p. 1].

Section 1981(a) ensures that all persons "shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1982 ensures that all citizens "shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. "Insofar as both statutes reach private conduct, they are intended to relieve African–Americans of the 'badges and incidents' of slavery pursuant to Congress's power to enforce the Thirteenth Amendment." *Campbell v. Robb*, 162 F. App'x 460, 474 (6th Cir. 2006) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 439 (1968)). "Because both statutes share a common origin in the Civil Rights Act of 1866 and a common purpose in addressing private racial discrimination, they are generally considered in tandem." *Id.*

Sections 1981 and 1982 protect only against race-based discrimination. *Rolley-Radford v. Mod. Disposal Servs., Inc.*, No. 21-CV-1229-LJV, 2023 WL 5105418, at *6 (W.D.N.Y. Aug. 9, 2023) ("So '[a] plaintiff states a viable cause of action under [section] 1982 only by alleging a deprivation of [her] rights on account of [her] race, ancestry, or ethnic characteristics.'") (citation

omitted); *Guilbeaux v. City of Detroit*, No. 5:19-CV-13728, 2020 WL 8836924, at *5 (E.D. Mich. Nov. 23, 2020) ("[T]he law is clear that 'though Section 1981 does not use the word 'race,' . . . it prohibits only racial discrimination.'"); *Blasingim v. Interventional Pain Specialist*, No. 5:13CV-123-R, 2013 WL 6002352, at *2 (W.D. Ky. Nov. 12, 2013). Plaintiff fails to allege any discrimination based upon race. Therefore, Plaintiff fails to state a claim under these statutes.

### C. Housing Act of 1937

Plaintiff essentially argues that his status as a recipient of Section 8 housing aid under federal law gives rise to a federal cause of action against a landlord for requiring an application fee. In 1974, Congress amended the Housing Act of 1937 to create what is known as the Section 8 Housing Program. *Gladney v. Surelock Homes LLC*, No. 1:13-CV-462, 2013 WL 2182797, at *2 (W.D. Mich. May 20, 2013) (citing 42 U.S.C. § 1437f, *et seq.*); *see also Mattox v. United States of Am., Inc.*, No. 19-2155-MSN-DKV, 2019 WL 4454522, at *3 (W.D. Tenn. Aug. 26, 2019). Section 8 was created "[f]or the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing." *Gladney*, 2013 WL 2182797, at *2 (quoting 42 U.S.C. § 1437f(a)). "[T]he Section 8 Program provides federally subsidized housing to millions of low-income families and individuals through a range of rental assistance programs, both tenant—and project-based." *Id.* "Under all types of Section 8 programs, tenants make rental payments based upon their income and ability to pay, and [the Department of Housing and Urban Development] then provides, under various delivery mechanisms, 'assistance payments' to private landlords to make up the difference between the tenant's contribution and the agreed-upon 'contract rent.'" *Id.* (citing 42 U.S.C. § 1437f, *et seq.*).

Despite Plaintiff's effort to invoke his status as a recipient of Section 8 housing aid to provide a cause of action, Section 8 of the Housing Act "does not expressly create any private

cause of action for its enforcement." *Id.* at *3 (citing *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 611 (5th Cir. 2001); 42 U.S.C. § 1437f, *et seq.*). Likewise, "[t]he federal courts of appeals and district courts that have addressed this issue unanimously hold that there is no implied private right of action under Section 8." *Id.* As a result, Plaintiff fails to state a claim for relief under the Housing Act.

Furthermore, a review of the current policies on non-rent fees in Housing Choice Voucher and Project-Based Voucher Programs reveal that private market owners may in fact charge application fees. *See* Notice PIH 2022-18 at 6[1]; Notice PIH 2021-15 at 12.[2]

### D. State-law Claims

Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

### E. Remaining Motions

Because this action is being dismissed, Plaintiff's remaining motions [R. 4]; [R. 7] will be denied.

### IV.

Accordingly, the Court will dismiss this action by separate Order.

This the 20th day of May, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

---

[1] *See* https://www.hud.gov/sites/dfiles/PIH/documents/PIH2022-18.pdf; *see also* https://www.hud.gov/sites/dfiles/PIH/images/HCV_PBV Non-Rent Fees Chart_Final_2-21-24.pdf.

[2] *See* https://www.hud.gov/sites/dfiles/PIH/documents/PIH2021-15.pdf.

cc: Plaintiff, *pro se*
   Defendant
A958.014

- 7 -